**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIMINAL CASE NO. JFM-90-0135 |
| **NAMOND WILLIAMS,** | * | (Civil Case No.: PWG-18-1344)[1] |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Following Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") in 2014, the Federal Public Defender's Office and the Government filed a Consent Motion Seeking Reduced Sentences Under 18 U.S.C. § 3582(c)(2) Based on Retroactive Application of Amendment 782 to the U.S. Sentencing Guidelines ("Drugs Minus Two"). ECF No. 1269-2. As a result, Namond Williams's 1992 sentence was reduced on June 17, 2015 from 600 months to 484 months, as requested. Order Reducing Sentence, ECF No. 1231. At the time, Williams also had retained counsel who told him that "all they could do was 'monitor the situation'" while the Public Defender and the Government negotiated Amendment 782 reductions. Def.'s Mot 5 (quoting Jan. 6, 2015 Ltr. from Counsel, ECF No. 1268-3). Williams's reduced sentence unfortunately was based on a misunderstanding of his original Guidelines offense level, which the Federal Public Defender's Office and the Government misstated in recommending the 484-month sentence, and a consequential erroneous belief that his original sentence was a significant upward departure from the Guidelines range. Had the Court received

---

[1] The ECF Numbers cited herein refer to the documents filed in Defendant's criminal case.

accurate information, it would have been informed that Williams's original sentence fell within the Guidelines range applicable at the time, and that his new Guidelines range was 272 to 365 months.

On December 15, 2015, Williams, through retained counsel, filed a Motion to Correct Order Granting Sentence Reduction pursuant to § 3582, ECF No. 1234, and a Motion for Leave to File Untimely Notice of Appeal, ECF No. 1235, both times alerting the Court to the misunderstanding and seeking a further reduction in his sentence. The Court denied the second § 3582 motion as successive and untimely, ECF Nos. 1244, 1245, but granted the Motion for Leave to File Untimely Notice of Appeal, ECF No. 1236. Williams filed his appeal on June 17, 2016, ECF No. 1247, and the Fourth Circuit affirmed both this Court's Order Reducing Sentence and its denial of Williams's second § 3582 motion on February 9, 2017, ECF No. 1252. Notably, he did not base his appeal on the misunderstanding that now is central to his Motion. Williams filed the pending Motion to Vacate, Correct, or Set Aside Sentence "pursuant to 28 U.S.C. § 2255, Federal Rule of Civil Procedure 60(b), or any other applicable statute or rule" on May 4, 2018. ECF No. 1268.

Preliminarily, I note that, notwithstanding the unavoidable outcome of this Motion— which is yet another denial of Williams's request to reduce his sentence—it is disturbing that everyone seems to agree that the Public Defender, the Government, and the Court in its reliance on counsel's recommendations, made an incorrect calculation, resulting in Williams serving a sentence ten years longer than it otherwise may have been. Williams's motion is properly construed as a § 3582 motion, but he cannot file a successive § 3582 motion. Although the bar to successive § 3582 motions is not jurisdictional, if the Government raises the successiveness as a defense (which it did here), then the motion must be denied. Additionally, the court cannot

grant a Rule 60(b) motion for reconsideration of the Order Reducing Sentence, which is an order on a § 3582 motion.

Perhaps this is why Williams styled his motion primarily as a § 2255 motion. But, this Court lacks jurisdiction to decide the motion as a § 2255 motion, because it is successive. Further, as a § 2255 motion, it is untimely and while there certainly are extraordinary circumstances where the Federal Public Defender's Officer intervened (and erred) while Williams had retained counsel, there is no basis for equitable tolling because the considerable delay between the Fourth Circuit's ruling in February 2017 and when Williams filed this motion in May 2018 negates any assertion of due diligence. Further, prior to February 2017, he had the wherewithal to retain counsel and file a § 3582 motion and an appeal, again suggesting that if he exercised due diligence, he would have filed a § 2255 motion sooner. Moreover, Williams simply does not have a basis for filing a § 2255 motion at this juncture, when he no longer has a Constitutional right to counsel, the Court had the jurisdiction to impose the sentence it imposed, which did not exceed the maximum authorized by law, and the sentence is not otherwise subject to collateral attack because Williams failed to raise this issue on direct appeal and has not shown cause for that failure. Consequently, I have no alternative than to reach a result that is unfair, and deny Williams's motion.

## Background

In 1990, a federal grand jury indicted Williams and twenty-two others on a variety of charges for their roles in a large-scale Baltimore-area drug and money laundering operation. Def.'s Mot. 3-4. On March 20, 1991, a jury convicted Williams of four drug charges and money laundering. *Id.* at 4. At Williams's sentencing on January 13, 1992, the Court elevated his calculated offense level from 41 to 42, concluding that Williams was not just a "manager," but

an "organizer and leader" of the illicit operation run by Williams's uncle. *Id.* The Guidelines range for offense level 42 with a criminal history Category I (where Williams fell) was 360 months to life imprisonment. *Id.* The Court imposed a *within-Guidelines* sentence of 600 months imprisonment. *Id.* In 2008, Williams filed a § 3582 motion, ECF No. 1192, which the Court denied, ECF No. 1195. In 2010, Williams filed another § 3582 motion, ECF No. 1205, and a motion pursuant to 28 U.S.C. § 2255, which the Court construed as a third § 3582 motion, ECF No. 1206. The Court denied both motions and Williams's motion for reconsideration, ECF Nos. 1207, 1208, 1209, and the Fourth Circuit affirmed, ECF No. 1221.

In 2014, the U.S. Sentencing Commission passed Amendment 782, which retroactively reduced drug quantity offense levels by two. U.S.S.G. Manual § 1B1.10 cmt. n.6 (U.S. Sentencing Comm'n 2018). Williams hired counsel to seek a sentence reduction. Def.'s Mot. 5. The Federal Public Defender's Office (FPDO), which had established a process by which it would coordinate with the United States Attorney's Office to recommend sentence reductions under 18 U.S.C. § 3582(c)(2),[2] *id.* at 6, informed Defense counsel that the process was already underway for numerous federal prisoners in conjunction with the Government. Dec. 17, 2014 FPDO Ltr. to Williams, ECF No. 1268-2.

The FPDO sought corrected sentences that mirrored the original sentences' position within (or beyond) the original guidelines. Def.'s Mot. 6. However, when the FPDO examined Williams's case, they incorrectly determined that offense level 41 was the original offense level

---

[2] "In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. 3582(c)(2) (2018).

(instead of offense level 42, as Court found) and, as a result, interpreted Williams's original 600-month sentence as having been well *above* the Guidelines range of 324 to 405 months recommended for offense level 41, rather than *within* the Guidelines range of 365 months to life that actually applied in 1992. Kurtz Aff., ECF No. 1268-5. The FPDO applied the two-level reduction to offense level 41 (instead of 42); the Guidelines range for offense level 39 was 262 to 327 months. Calculating that 600 months was 148% of the high end of offense level 41, the FPDO recommended a proportional reduced sentence of 484 months (148% of the high end of offense level 39). *Id.* Had the FPDO correctly understood Williams's original sentence to be *within* the Guidelines range for offense level 42, they could have sought a reduced sentence within the Guidelines range for offense level 40 (272 to 365 months). *Id.*; Mirchandani Aff., ECF No. 1268-6.

The FPDO reached an agreement with the Government (without involving Williams) and filed a Consent Motion Seeking Reduced Sentences Under 18 U.S.C. § 3582(c)(2) on June 12, 2015. ECF No. 1269-2. The same day, Williams learned of the consent motion from his attorney via email and notified his attorney that there had been a mistake in the calculations. June 12, 2015 Williams Email to Counsel, ECF No. 1269-3. On June 17, 2015, the Court granted the consent motion and reduced Williams's sentence from 600 months to 484 months. Order Reducing Sentence, ECF No. 1231. Williams was notified on June 23, 2015. June 23, 2015 FPDO Ltr. to Williams, ECF No. 1268-4.

On August 4, 2015, the FPDO contacted the Government, acknowledged the error and sought consent to reduce the sentence further, insisting that had it not erred, it would have requested a sentence within the correct amended Guidelines range, not above it. Kurtz Aff.; Mirchandani Aff. The Government did not disagree that the FPDO erred. Gov Opp'n 4.

Nonetheless, it stated that it would not have agreed to a reduction to 365 months and that, even using the correct offense level, it still would have arrived at 484 months by calculating the proportion over the low end of the Guidelines range (600 months as 167% of the low end of offense level 42, and 484 months as 167% of the low end of offense level 40). Aug. 4, 2015 Gov't Email to FPDO, ECF No. 1269-4. Williams also asserts that he would have rejected an above-range modified sentence and proceeded to a contested sentencing hearing. Williams Aff., ECF No. 1268-1.

As noted, Williams, through retained counsel, attempted to have the Court correct the error. First, on December 15, 2015, he filed a Motion for Leave to File Untimely Notice of Appeal, ECF No. 1235, which the Court granted on February 3, 2016, ECF No. 1236, and a Motion to Correct Order Granting Sentence Reduction, ECF No. 1234, which the Court denied on June 3, 2016, ECF No. 1245. Williams appealed on June 17, 2016. ECF No. 1247. On February 9, 2017, the Fourth Circuit affirmed both the Court's Order Reducing Sentence and its denial of Williams's subsequent Motion to Correct Order Granting Sentence Reduction. ECF No. 1252. On August 14, 2017, this Court appointed counsel for Williams under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), ECF No. 1258, and he filed the pending Motion to Vacate, Correct, or Reduce Sentence "pursuant to 28 U.S.C. § 2255, Federal Rule of Civil Procedure 60(b), or any other applicable statute or rule" on May 4, 2018. Def.'s Mot. 1.

## **Discussion**

Williams argues that he has three procedural grounds for relief: (1) pursuant to 18 U.S.C. § 2255; (2) pursuant to Fed R. Civ. P. 60(b)(6); and (3) under the principles of contract law, Def.'s Mot. 11-13, and he also seeks leave to file another § 3582 motion, *id.* at 16.

*§ 2255 Motion*

28 U.S.C. § 2255 permits a prisoner to file a motion to vacate, set aside, or correct a sentence on the grounds that the sentence was

> imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). The prisoner must prove his case by a preponderance of the evidence. *Brown v. United States*, Civil No. DKC-10-2569 & Crim. No. DKC-08-529, 2013 WL 4562276, at *5 (D. Md. Aug. 27, 2013). If the court finds for the prisoner, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

1. Jurisdiction

Williams filed a motion pursuant to § 2255 in 1997. *See United States v. Williams*, 139 F.3d 896 (4th Cir. 1998). Of course, the issues are different now, as Williams challenges his 2015 reduced sentence, not his original sentence from 1992. Nonetheless, a successive § 2255 motion requires a certificate of appealability from the appropriate Court of Appeals before proceeding. 28 U.S.C. § 2255(h). Without certification, this Court lacks jurisdiction to decide the motion. *See United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2004). Consequently, as a § 2255 motion, his Motion must be denied for this reason alone. *See id.*

2. Statute of limitations

Federal prisoners have a one-year period of limitation within which to file a timely § 2255 motion. 28 U.S.C. § 2255(f). The period of limitation runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence

*Id.* The one-year period of limitations for § 2255 motions is calculated using Fed. R. Civ. P. 6(a)(1), excluding the date of the act or event that triggers the beginning of the limitations period. *Hernandez v. Caldwell*, 225 F.3d 435, 436 (4th Cir. 2000).

Williams was notified of the Order Reducing Sentence, which provided the basis for the facts supporting his pending claim, on June 23, 2015. June 23, 2015 FPDO Ltr. to Williams. This is the latest date from which the limitations period could run. *See* 28 U.S.C. § 2255(f). But he did not file his Motion until May 4, 2018, almost three years later and well beyond the statute of limitations. *See* 28 U.S.C. § 2255(f)(4). Thus, the Motion was untimely and must be dismissed unless principles of equitable tolling apply. *See Holland v. Florida,* 560 U.S. 631, 649–54 (2010); *Rouse v. Lee,* 339 F.3d 238, 246–47 (4th Cir. 2003) (en banc). "[T]o be entitled to equitable tolling, an otherwise time-barred petitioner must present (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (internal quotation marks omitted); *Holland,* 560 U.S. at 649–54. A petitioner is entitled to equitable tolling if he demonstrates that he has been pursuing his rights diligently and an extraordinary circumstance stood in his way and prevented timely filing. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

The circumstances surrounding the Federal Public Defender's involvement and error regarding Williams's original offense level certainly are unusual, and Williams has shown that

he attempted, without success, to work through retained counsel and to correct the error promptly. He also diligently filed a second § 3582 motion and an appeal, also without success. His flurry of activity concluded with his June 17, 2016 filing of an appeal, however; after the Fourth Circuit's February 9, 2017 ruling, Williams did not file anything until the pending Motion on May 4, 2018. Significantly, when this Court denied Williams's second § 3582 on June 3, 2016, before the limitations period had run and before Williams had filed his appeal, it alerted Williams that if he "want[ed] to challenge the representation afforded to him by the Office of the Federal Public Defender, he should file an appropriate motion under 28 U.S.C. § 2255." June 3, 2016 Order. Williams does not provide any adequate explanation for the almost two years that passed between the expiration of the limitations period and the filing of the § 2255 Motion. Insofar as the Fourth Circuit's consideration of his appeal justifies some of his delay, he still has not shown that he acted with diligence, or that any circumstances beyond his control prevented him from action, during the fifteen months following the Fourth Circuit ruling and when he filed his Motion. Accordingly, the Motion must be dismissed as time-barred. *See Sosa,* 364 F.3d at 512; *Holland,* 560 U.S. at 649–54.

3. Basis for relief

Unfortunately for Williams, even if the § 2255 Motion were timely or equitable tolling permitted the Court to consider it, he simply cannot obtain relief pursuant to § 2255 at this juncture. As noted, a defendant may file a § 2255 motion asking the court to vacate or correct his sentence under four circumstances. 28 U.S.C. § 2255(a). First, he can assert that the sentence was "imposed in violation of the Constitution or laws of the United States." *Id.* Often, defendants file § 2255 motions based on ineffective assistance of counsel, in violation of their Sixth Amendment rights. But here, Williams challenges the process by which his sentence was

*reduced*, rather than when it initially was imposed, which occurred at a time during which he did not have a constitutional right to counsel. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) (observing that "[i]t is well settled that 'a criminal defendant has no right to counsel beyond his first appeal,'" and that, even "[t]hough in some exceptional cases due process does mandate the appointment of counsel for certain postconviction proceedings, [a] motion for reduction of sentence does not fit into this category" (quoting *Coleman v. Thompson,* 501 U.S. 722, 756 (1991); internal citation omitted). And, Williams has not identified any other violation of the Constitution or federal law.

Second, he can argue that "the court was without jurisdiction to impose such sentence," and third, he can argue that "the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). But neither is the case here.

Fourth, a defendant may contend that his sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To launch a collateral attack on his sentence, "the movant must establish (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law so fundamental as to render the entire proceeding invalid." *Jha v. United States*, No. ELH-12-00595, 2019 WL 957124, at *5 (D. Md. Feb. 27, 2019) (citing *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003)). As noted, the first two categories do not apply here. As for the error of fact, Williams asserts that the Public Defender misrepresented that his original offense level was 41, which caused his reduced sentence to be calculated based on the misperception that his original sentence was considerably above the Guidelines range. Significantly, Williams did not raise this issue on direct appeal. *See* App. Br., 2016 WL 4926497, at *14–16 (arguing, *inter alia*, that this Court lacked "the authority to reduce Williams's sentence to an amount outside the amended guideline range" and that the

recommended sentence reduction was presented as a "stipulated reduction" when in fact "he had never agreed to it," but not that the sentence reduction was based on a misunderstanding of the original sentence relative to the original offense level); *see also United States v. Williams*, 676 F. App'x 185, 185 (4th Cir. 2017) ("On appeal, Williams argues that the district court may not impose a sentence above an amended Guidelines range in a § 3582(c)(2) proceeding; the procedure adopted by the court to adjudicate sentence reductions following Amendment 782 to the Guidelines violated his right to due process of the law; the district court's failure to notify him of its intention to impose a sentence above the amended Guidelines range was error; and the court failed to properly consider his motion for reconsideration.").

A prisoner cannot raise a new issue that he did not object to at trial or raise on direct appeal absent "(1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167 (1982). To show cause for not presenting the issue on appeal, Williams "must prove that 'some objective factor external to the defense such as the novelty of the claim or a denial of effective assistance of counsel' impeded counsel's efforts to raise the issue earlier." *Jha*, 2019 WL 957124, at *6 (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Regardless whether actual prejudice exists, Williams cannot show cause the excuse his failure to raise the issue on direct appeal. Indeed, he alluded to the issue in the Motion for Leave to File Untimely Appeal that he filed in this Court. *See* Mot. for Leave to File Untimely Notice of Appeal 6, 9–10 (discussing error). A "collateral challenge may not do service for an appeal." *Jha*, 2019 WL 957124, at *5 (quoting *Foster v. Chatman*, —— U.S. ——, 136 S. Ct. 1737, 1758 (2016)). Therefore, Williams cannot present this claim through a § 2255 motion. *See Frady*, 456 U.S. at 167; *Jha*, 2019 WL 957124, at *5.

*Rule 60(b) or Successive § 3582 Motion*

Rule 60(b) states that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Generally, the Federal Rules of Civil Procedure do not apply to criminal proceedings. Fed. R. Civ. P. 1. It is true that, since habeas suits are brought as civil actions, the Federal Rules of Civil Procedure do apply to habeas motions "to the extent that they are not inconsistent with the Habeas Corpus Rules." *Woodford v. Garceau*, 538 U.S. 202, 208 (2003). Yet, although § 2255 habeas motions are civil in nature, § 3582(c)(2) motions are not. *United States v. Miller*, 137 F. App'x 457, 458 (4th Cir. 2004). Rule 60(b) therefore is an inappropriate means of relief from a § 3582 order. *See United States v. May*, 855 F.3d 271, 274 (4th Cir. 2017) (noting that the Fourth Circuit has "prohibited 18 U.S.C. § 3582(c)(2)-based motions for reconsideration, *United States v. Goodwyn*, 596 F.3d 233, 234 (4th Cir. 2010)," but "this prohibition [is] non-jurisdictional, and thus waived when the government failed to assert it below"), *cert. denied,* 138 S. Ct. 252 (2017); *Goodwyn*, 596 F.3d at 235 n* ("Of course, the Federal Rules of *Civil* Procedure do not apply to motions under § 3582. This is so because § 3582 motions—which seek only to alter terms of imprisonment—are criminal in nature.").

Williams argues that *United States v. Winestock* establishes that "a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper [Rule 60(b)] motion to reconsider." Def.'s Mot. 12 n.7 (quoting *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2004)). As he sees it, "a Rule 60 motion is a proper vehicle for challenging a judgment arising from a § 3582 proceeding" because

> [i]n 2011, the United States Supreme Court defined collateral review as "a judicial reexamination of a judgment or claim in a proceeding outside of the direct

> review process," and noted that a motion to reduce sentence under the former version of Rule 35 of the Federal Rules of Criminal Procedure was a form of collateral review. *Wall v. Kholi*, 562 U.S. 545, 553-55 (2011).

*Id.*

But, what *Winestock* held is that, "depend[ing] on the nature of the claims presented," a Rule 60(b) motion filed *following a § 2255 motion* in a criminal case *may* be a successive § 2255 motion, rather than a proper motion for reconsideration. *Winestock*, 340 F.3d at 206–07. And, the *Winestock* Court addressed "how to distinguish a proper Rule 60(b) motion from a 'successive [*§ 2255*] [application] in 60(b)'s clothing." *Id.* at 207 (second emendation in *Winestock*). It did not discuss reconsideration of § 3582 motions. *See generally id.* *Wall* likewise did not discuss § 3582 motions; it considered whether a motion to reduce sentence pursuant to Rhode Island Rule of Criminal Procedure, which "is much like the version of Federal Rule of Criminal Procedure 35 that was in force prior to the enactment of the federal Sentencing Reform Act of 1984 and the promulgation of the Federal Sentencing Guidelines," is "an application for 'collateral review'" such that the AEDPA tolling provisions apply. *Wall*, 562 U.S. at 553-54.

Moreover, the Fourth Circuit decided *Goodwyn* after *Winestock*, which makes it clear that *Goodwyn* is the controlling authority, and *Winestock*'s analysis does not apply to § 3582 motions. And it decided *May* after the Supreme Court decided *Wall*, thereby clarifying that *Wall* did not affect *Goodwyn's* statement that "the Federal Rules of *Civil* Procedure do not apply to motions under § 3582." 596 F.3d at 235 n*. The *May* Court held that "the rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition is non-jurisdictional and thus subject to waiver." *May*, 855 F.3d at 275. The Government could have, in the interest of justice, waived its objection to Williams's motion as a Rule 60(b) motion for

reconsideration of the Order Reducing Sentence pursuant to § 3582, but it did not. *See* Gov't Opp'n 7–10. Therefore, Williams does not have grounds for Rule 60(b) relief from the Court's ruling on his previous § 3582 motion, and he cannot file a successive § 3582 motion. *See May*, 855 F.3d at 274–75; *Goodwyn*, 596 F.3d at 235 n*. Insofar as he asks the Court to grant him leave to file a successive § 3582 motion, he has not identified any authority under which the Court could do so or could grant such a motion. Indeed, even though § 3582(c)(2) permits the Court to act "on its own motion," the Fourth Circuit has concluded that neither § 3582(c)(2) nor any other provisions "permit[] [a] district court to reduce [a] sentence a *second* time almost eight months after the first reduction," or in this case, much later. *Goodwyn*, 596 F.3d at 235.

### *Contract Law*

Relief based on the principles of contract law is also not appropriate here. The Fourth Circuit has described plea agreements as "essentially a contract . . . whose interpretation is 'rooted in contract law.'" *United States v. Lewis*, 633 F.3d 262, 269 (4th Cir. 2011) (quoting *United States v. Dawson*, 587 F.3d 640, 645 (4th Cir. 2009)). Yet, there is no precedent to show that the process by which *recommended* sentence reductions are arranged following U.S.S.G. amendments pursuant to § 3582(c)(2) are contracts. Indeed, even if the *parties* reached an agreement to recommend a sentence, *the Court* is not a party to that agreement and not bound to it, and it is of course the Court that imposes the sentence. The Government effectively distinguished § 3852(c)(2) sentence reductions from plea agreements, and I incorporate its analysis by reference. *See* Gov't Opp'n 10-11.

### **Conclusion**

In summary, this Court is left with a decidedly unsatisfying result that is compelled by law. It is undeniable that Williams has valid concerns over the execution of his sentence

reduction process.  Yet, he failed to raise his concerns on appeal, failed to obtain leave to file a successive § 2255 motion, and has not justified either his failure to raise the issue on appeal or his delay in filing this Motion.  Accordingly, Williams's Motion is denied.

### **Certificate of Appealability**

Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255 provides that the court must "issue or deny a certificate of appealability when it enters a final order adverse to the petitioner." *Brown v. United States*, Civil No. DKC-10-256, Crim. No. DKC-08-529, 2013 WL 4562276, at *10 (D. Md. Aug. 27, 2013).  This certificate "is a 'jurisdictional prerequisite' to an appeal from the court's order" that "may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.'" *Id.*  (quoting 28 U.S.C. § 2253(c)(2) and citing *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007)). Here, Williams has made a substantial showing on the merits that the § 3582(c)(2) order reducing his sentence was executed incorrectly, and the Court will issue a certificate of appealability.

### **ORDER**

For the reasons stated above, it is, this 28th day of June, 2019, hereby ORDERED that

1. Defendant's § 2255 Motion, ECF No. 1268, IS DENIED; and
2. The Clerk is directed to file a copy of this Memorandum Opinion and Order in Criminal No. PWG-90-135 and Civil Action No. PWG-18-1344, to MAIL a copy of it to Defendant and the Government; and
3. The Clerk SHALL CLOSE Civil Action No. PWG-18-1344.

/S/
Paul W. Grimm
United States District Judge

jpl